Lipscomb, J.
The appellee (Moore) brought suit, to establish the validity of his claim to one league and one labor of land, as assignee of one Hays. The certificate of the claimant’s right had been rejected by the traveling board of land commissioners. There was a verdict for the plaintiff, a motion for a new trial, which was overruled by the court, and the State appealed.
The plaintiff, on tire trial in the court below, proved by two witnesses every fact necessary to the validity of his claim. On the part of the State there were several witnesses who testified that they were well acquainted in the neighborhood whore it was testified by the plaintiff’s witnesses that the assignor (llays) resided, and that they knew no such man ; and that they believed had there, been any one of that name residing there at the time the witnesses for the plaintiff referred to, that they would have known it. None of them, however,swore positively that no such man lived there. There was an effort to discredit one of tlie witnesses introduced in support of the claim of the plaintiff, but it was an entire failure, as the witnesses by whom it was attempted to prove liis want of credibility swore that they were acquainted with his general character for credibility, and that they would believe him on oath. The distinction between affirmative and negative testimony is so well known that its discussion would be at tills time wliolly superfluous.
*130 In the case of Patterson v. Gaines, (6 Howard U. S. R., 588,) Mr. Justice Wayne, in speaking- of the effect of negative testimony, says, “that one hundred such witnesses would not be sufficient to impeach (he testimony of one witness swearing positively to the fact.” It does not appear from'the affidavits submitted in support of the motion for a new trial that another description of testimony could be procured; if a new trial were granted, it would be all of a negative character.
Judgment affirmed.
Wheeler, J. Having been of counsel, I did not sit in this case.